```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
                                                    X

RONALDO LEE BRAGA,
                                                            ORDER
                Plaintiff,                                  21-CV-2602 (RPK) (LB)

        - against -

N.Y.C. POLICE DEPARTMENT; NEW YORK
CITY TRANSIT BUREAU; and TRANSIT
ADJUDICATION AUTHORITY BUREAU,

                Defendants.
                                                    X
```

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Ronaldo Lee Braga filed this action against the New York City Police Department ("NYPD"), the New York City Transit Bureau, and the Transit Adjudication Authority Bureau. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons stated below, the complaint is dismissed without prejudice. Plaintiff may amend the complaint within 30 days of this order.

## BACKGROUND

Using a form complaint, plaintiff filed this lawsuit against the NYPD, the New York City Transit Bureau, and the Transit Adjudication Authority Bureau. *See* Compl. at 4-5 (Dkt. #9). In the statement of claim section, plaintiff describes an alleged assault by police officers in 2004. *See id.* at 5.

Plaintiff has also filed a petition for a writ of mandamus. *See* Mandamus Pet. (Dkt. #11). The petition includes excerpts from (1) a law review article regarding the New York Labor Law, *see id.* at 1-12, (2) a decision by the United States District Court for the Southern District of New

York granting plaintiff's motion for an extension of time to file a notice of appeal in a different case, *Braga v. New York City Police Dep't*, No. 13-CV-6956 (S.D.N.Y. May 3, 2019); *see* Mandamus Pet. at 13-14, and (3) a motion to strike the answer and preclude defendants from offering certain evidence in support of their defenses, *see id.* at 15-23.

No answer has yet been filed.

## DISCUSSION

Plaintiff's complaint is dismissed because the named defendants are not suable entities. Plaintiff's petition for a writ of mandamus is denied because this Court lacks authority to issue a writ of mandamus compelling action by the defendants.

### I.     Standard of Review

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).

II.     **Analysis**

    A.  **Plaintiff's complaint fails to state a claim.**

Plaintiff's complaint must be dismissed because plaintiff has sued non-suable entities. Plaintiff names as defendants the NYPD and two of its subdivisions, the Transit Bureau and Transit Adjudication Authority Bureau. The City of New York, not the NYPD or its subdivisions, is the appropriate defendant for such claims. *See* N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (observing that "the NYPD is a non-suable agency of the City"); *see also, e.g.*, *Richardson v. New York City Police Dep't*, No. 12-CV-5753, 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) ("The NYPD and its divisions, including the Transit Police, may not be sued directly; instead, any suit against a City agency must be brought against the City of New York.").

    B.  **Plaintiff's petition for a writ of mandamus is denied.**

Plaintiff's petition for a writ of mandamus is denied because the court does not have mandamus jurisdiction. Federal courts have jurisdiction over any mandamus action "to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the

plaintiff." 28 U.S.C. § 1361 (emphasis added). In contrast, federal courts have no general power to compel action by state or local officials. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988).

Plaintiff's petition for a writ of mandamus can be construed, at most, as seeking to compel action by defendants to this action. *See* Mandamus Pet. at 15-23. Because defendants are municipal entities, not federal ones, the Court lacks jurisdiction over plaintiff's mandamus request. *See, e.g., Marom v. Town of Greenburgh*, No. 20-CV-03486, 2021 WL 797648, at *4 (S.D.N.Y. Mar. 2, 2021); *DeJesus v. Rudolph*, No. 19-CV-4480, 2019 WL 5209599, at *2 (S.D.N.Y. Oct. 11, 2019); *Spain v. Lowery*, No. 19-CV-2158, 2019 WL 2330881, at *2 (E.D.N.Y. May 23, 2019); *Bey v. Barnett*, No. 18-CV-3935, 2018 WL 5830815, at *1 (E.D.N.Y. Nov. 7, 2018); *Davila v. Johnson*, No. 15-CV-2665, 2015 WL 8968357, at *5 (S.D.N.Y. Dec. 15, 2015).

### III. Leave to Amend

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Plaintiff may file an amended complaint within 30 days to remedy the deficiencies described above. Any amended complaint must identify each legal claim and set forth a short, plain statement of the relevant facts supporting it. For each defendant, plaintiff should include a brief description of what each defendant did or failed to do, and how those acts or omissions caused plaintiff injury.

### CONCLUSION

Plaintiff's complaint is dismissed without prejudice based on failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's petition for a writ of mandamus is denied. The Court

grants plaintiff leave to file an amended complaint within 30 days if he desires. Any new complaint must be captioned "Amended Complaint" and bear the same docket number as this order.

All further proceedings are stayed for 30 days. If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and note the mailing on the docket.

SO ORDERED.

                                                                    */s/ Rachel Kovner*
                                                           RACHEL P. KOVNER
                                                           United States District Judge

Dated: October 25, 2021
       Brooklyn, New York