UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————X

RONALDO LEE BRAGA,

       Plaintiff,

     - against -                           ORDER
                                             21-CV-2602 (RPK)

N.Y.C. POLICE DEPARTMENT; NEW YORK
CITY TRANSIT BUREAU; TRANSIT
ADJUDICATION AUTHORITY BUREAU,

       Defendants.

———————————————————————————X

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Ronaldo Lee Braga filed this action against the New York City Police

Department ("NYPD") and two of its subdivisions. *See* Compl. (Dkt. # 9). Plaintiff's initial

complaint was dismissed for failure to state a claim because the named defendants were all non-

suable entities, but plaintiff was granted leave to file an amended complaint. *See* Dkt. # 14.

Plaintiff has now filed an amended complaint naming as defendants the same non-suable entities.

He has also filed an unsigned document captioned as an order to show cause. *See* Unsigned Order

to Show Cause ("UOSC") (Dkt. # 16). For the reasons set forth below, the action is dismissed.

**BACKGROUND**

    Plaintiff filed this lawsuit against the NYPD, the New York City Transit Bureau, and the

Transit Adjudication Authority Bureau. *See* Compl. at 4-5. In the statement of claim section,

plaintiff describes an alleged assault by police officers in 2004. *See id.* 5. Plaintiff's initial

complaint was dismissed for failure to state a claim, because the named defendants were non-

suable entities. Plaintiff was granted leave to file an amended complaint. *See* Dkt. # 14.

In a document styled as an amended complaint, which was filed on October 29, 2021, plaintiff names the same defendants but states that he is seeking to file an *amicus curiae* brief in an unspecified case in the United States Court of Appeals for the Second Circuit. *See* Am. Compl. 1-6.

The second amended complaint, filed on November 12, 2021, is a duplicate of the original complaint and is the operative pleading. *See* Second Am. Compl.

Plaintiff also filed a document styled as an application for an order to show cause, *see* UOSC, and an Affirmation, *see* Affirmation (Dkt. # 18). The order to show cause filing contains (i) a document that appears to be an order to show cause filed in a different case, UOSC 1-3; (ii) two newspaper articles, *id.* 4, 1; (iii) captions from two different New York state appeals cases, *id.* 5, 12; and (iv) a document that appears to be a declaration filed by Braga in a different New York state case, *id.* 6-10. Plaintiff does not specify what type of relief he seeks from the court.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).

## DISCUSSION

Plaintiff's second amended complaint is dismissed. As he did in his original complaint, plaintiff has sought to sue only non-suable entities. Plaintiff names as defendants the NYPD and two of its subdivisions, the Transit Bureau and Transit Adjudication Authority Bureau. The City of New York, not the NYPD or its subdivisions, is the appropriate defendant for such claims. *See* N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (observing that "the NYPD is a non-suable agency of the City"); *see also, e.g.*, *Richardson v. New York City Police Dep't*, No. 12-CV-5753, 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) ("The NYPD and its divisions, including the Transit Police, may not be sued directly; instead, any suit against a City agency must be brought against the City of New York.").

Plaintiff is granted leave to amend. A *pro se* plaintiff should be given that opportunity if a "liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). While plaintiff has already been granted leave to amend in this case, and his amended complaint did not remedy the deficiencies to his original complaint, plaintiff is granted a final opportunity to remedy those deficiencies. Any amended complaint must be filed within 30 days. The amended complaint must identify each legal claim and set forth a short, plain statement of the relevant facts supporting it. For each defendant, plaintiff should include a brief description of what each defendant did or failed to do, and how those acts or omissions caused plaintiff injury.

3

## CONCLUSION

The action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court grants plaintiff leave to file an amended complaint within 30 days if he desires.  Any new complaint must be captioned "Third Amended Complaint" and bear the same docket number as this order.

All further proceedings are stayed for 30 days.  If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff and to note the mailing on the docket

SO ORDERED:

RACHEL P. KOVNER
United States District Judge

Dated: December 17, 2021
      Brooklyn, New York