UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALDO LEE BRAGA,

        Plaintiff,

    - against -                    **MEMORANDUM AND ORDER**
                                            21-CV-2602 (RPK) (LB)

N.Y.C. POLICE DEPARTMENT;
*Police Officers* JOHN DOE 1-2; and *Police Officers*
JANE DOE 1-2,

        Defendants.
------------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Ronaldo Lee Braga filed this action against the New York City Police Department ("NYPD") and two of its subdivisions.  Plaintiff's amended complaint and second amended complaint were dismissed for failure to state a claim, but plaintiff was granted leave to file a third amended complaint.  *See* Dkt. ##14, 21.  Plaintiff has now filed a third amended complaint ("TAC") naming as defendants the NYPD and Jane and John Doe officers.  *See* TAC (Dkt. # 24).  For the reasons set forth below, the action is dismissed.

## BACKGROUND

    Plaintiff first filed this lawsuit against the NYPD, the New York City Transit Bureau, and the Transit Adjudication Authority Bureau on May 6, 2021.  *See* Compl. 4-5 (Dkt. #1).  In the statement of claim section, plaintiff describes an alleged assault by police officers in 2004.  *See id.* at 5-8.  Plaintiff's initial complaint was dismissed for failure to state a claim, because the named defendants were non-suable entities.  *See* Mem. & Order 2 (Dkt. #14).  Plaintiff was granted leave to file an amended complaint.  *See id*. at 4.

    In a document styled as an amended complaint, filed on October 29, 2021, plaintiff named the same defendants but stated that he was seeking to file an *amicus curiae* brief in an unspecified

case in the United States Court of Appeals for the Second Circuit.  *See* Am. Compl. 1-6 (ECF Pagination) (Dkt. #15).

The second amended complaint, filed on November 12, 2021, was a duplicate of the original complaint.  *See* Second Am. Compl. (Dkt. #17).  Plaintiff also filed a document styled as an application for an order to show cause, *see* Unsigned Order to Show Cause (Dkt. #16), and an Affirmation, *see* Affirmation (Dkt. #18).  On December 17, 2021, the second amended complaint was again dismissed because the named defendants were non-suable entities.  *See* Mem. & Order 3 (Dkt. #21).  Plaintiff was granted a final opportunity to file an amended complaint.  *See ibid.*

The TAC, filed on January 18, 2022, names the NYPD and several "John/Jane Doe" police officers as defendants.  *See* TAC 1 (ECF Pagination) (Dkt. #24).  The TAC alleges that in 2004, plaintiff was assaulted by two unknown police officers.  *See id.* at 6.  Beyond this, the TAC suggests that plaintiff was involuntarily held for a psychiatric evaluation and assaulted by hospital workers, *id.* at 1, 6, that he was charged by a lawyer in criminal court with attempted murder*, id.* at 6, and that his mother died in police custody, *id.* at 16.  He also describes instances of police misconduct involving individuals other than himself.  *Ibid.*

The remainder of the TAC includes several apparently unrelated documents, including pages of what appears to be a treatise on New York law, *see id.* at 2-4, 14, 23-24, pages from articles discussing damages in Texas and other states, *see id.* at 5, 7, 11, and altered portions of this Court's prior orders, as well as other judicial orders, legislative reports, and legal memoranda, *see id.* at 6-8, 12-13, 15-22.

Since filing the TAC, plaintiff has filed a number of letters and documents.  One of these documents appears to give several more details about the abuse he allegedly suffered by police in 2004.  *See* Feb. 16 Letter (Dkt. #27).  The remainder of the documents do not appear to relate to

the pending action.  The first document, styled as a "notice of motion," appears to be a collection of documents from an unrelated New York state case.  *See* Notice of Mot. (Dkt. #25).  In addition, a "notice of pretrial order" appears to include details about an unrelated case involving a different plaintiff.  *See* Notice of Pretrial Order (Dkt. #28).  Plaintiff also filed what he styled a "notice of motion" along with an "an affidavit in support," which appear to contain documents from various unrelated cases.  *See* Notice of Mot. (Dkt. #30); Aff. in Supp. (Dkt. #31).  Finally, plaintiff submitted a police report notifying the Court that he was robbed and assaulted on April 24, 2022.  *See* Notice of Incident (Dkt. #32).

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555 (citations omitted).

A district court may dismiss a claim as time-barred under Section 1915 when it is apparent from the face of the complaint that the claim is barred by the statute of limitations.  *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995).

3

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).

## DISCUSSION

Plaintiff's claims against police officers for an alleged use of excessive force in 2004 is barred by the statute of limitations.  Any claims against the NYPD are dismissed because the NYPD is a non-suable entity.  Insofar as plaintiff seeks to press additional claims, those claims are dismissed because they fail to state a claim on which relief may be granted.

### A.  Excessive Force in 2004

Plaintiff's claim that unknown officers used excessive force against him when they assaulted him in 2004 is barred by the statute of limitations.  In New York, the statute of limitations for claims under Section 1983 is three years from the date on which the claim accrued.  *See Duplan v. City of N.Y.*, 888 F.3d 612, 619 (2d Cir. 2018) (citation omitted); *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015).  A Section 1983 claim generally accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citation omitted).  "In the context of an excessive force claim, the clock starts running when the use of force occurred." *Muhammadali v. City of N.Y.*, No. 18-CV-1521 (WFK) (LB), 2018 WL 10808575, at *1 (E.D.N.Y. Apr. 5, 2018) (citation omitted), *aff'd*, 795 F. App'x 70 (2d Cir. 2020); *see Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341, at *2 (2d Cir. Mar. 2, 2022) (summary order).  Since plaintiff alleges that officers assaulted him in 2004, the statute of limitations for a Fourth Amendment claim based on that assault expired in 2007.

### B.  Claims Against the NYPD

Plaintiff's claims against the NYPD are also dismissed.  As explained in this Court's prior orders, "the NYPD is a non-suable agency of the City." *Jenkins v. City of N.Y.*, 478 F.3d 76, 93 n.19

4

(2d Cir. 2007).  The City of New York, not the NYPD or its subdivisions, is the appropriate defendant for such claims.  *See* N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

### C.  Remaining Portions of the Complaint

Plaintiff has not presented any other claim which states a claim on which relief may be granted.  Federal Rule of Civil Procedure 8 requires that a complaint include "a short and plain statement of the claim" sufficient to give the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (citation and internal quotation marks omitted).  While plaintiff's TAC includes suggestions of other government misconduct, his filings do not provide fair notice of any additional claim and the grounds upon which such a claim rests.  Courts in this circuit have dismissed *pro se* complaints under similar circumstances.  *See, e.g.*, *Raysor v. City of N.Y.*, No. 19-CV-6265 (PKC) (VMS), 2020 WL 489547, at *2 (E.D.N.Y. Jan. 30, 2020) (dismissing *pro se* complaint because the Court was "unable to discern" a cause of action); *Ruggiero v. Mobile Crisis Team*, No. 3:12-CV-499 (VLB), 2012 WL 4854660, at *4 (D. Conn. Oct. 11, 2012); *Rosa v. Goord*, 29 Fed. Appx. 735, 735 (2d Cir. Feb. 27, 2002) (affirming dismissal of prolix complaint and amended filings which "remained prolix and not susceptible of a responsive pleading").  Accordingly, the TAC is dismissed, and plaintiff's motions are denied as moot.

### CONCLUSION

Plaintiff's TAC is dismissed with prejudice.  Because a claim barred by the statute of limitations cannot be resurrected through "better pleading," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order), leave to amend that claim is denied as futile.  Leave to amend is also denied with respect to the

remainder of the complaint, because I cannot conclude after review of plaintiff's three complaints and other supplemental filings that plaintiff could reframe his claims to present a viable cause of action if given an additional opportunity. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Melvin v. Cnty. of Westchester*, No. 14-CV-2995 (KMK), 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016); *Anthony v. Brockway*, No. 15-CV-451 (DNH) (TWD), 2015 WL 5773402, at *3 (N.D.N.Y. Sept. 30, 2015). The Clerk of Court is respectfully directed to enter judgment and mail a copy of this Memorandum and Order to the plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


*/s/ Rachel Kovner*
**RACHEL P. KOVNER**
United States District Judge

Dated: July 5, 2022
      Brooklyn, New York